CASE *against* POTTER, Administrator of POTTER.

IN *error,* on *certiorari,* from a justice's court. *Potter,* as administrator, brought an action against *Case,* before the justice, for ten dollars, money lent to him by the intestate in his life-time.

The cause was tried before a jury, and the plaintiff below produced the original book of accounts kept by the intestate, containing the original entry (in the hand-writing of the intestate) of ten dollars, lent to the defendant below, being a *Hudson* bank note. The defendant objected to the evidence, as conclusive proof of the money lent. The justice decided, that it was not conclusive, nor, of itself, sufficient evidence to entitle the plaintiff to recover; but that the jury might consider it in connection with other circumstances.

The plaintiff below then proved, by a witness, that *Case* applied to the witness for the payment of a debt due from him to *Case,* who said he *must have ten dollars* to make up a sum he wanted; that the witness applied to the intestate, who was present, for the loan of a small sum

<div style="font-style:italic">In an action by an administrator for *money lent,* the book of account containing the original entries in the hand-writing of the intestate, is not admissible evidence for the plaintiff. But, *it seems,* the regular entries of a party in his books, made in the usual course of his business, though not admissible alone, or as conclusive evidence, may (in consideration of usage which may have crept in, or the difficulty of proof in many cases of the sale and delivery of goods) be admitted, in connection with other circumstances, as evidence to the jury.</div>

of money, and the intestate handed to him a *Hudson* bank note of ten dollars; but some difference arising between the witness and *Case*, as to the amount due to the latter, the witness did not pay him any thing, but returned the bank note to the intestate; and the witness, a few minutes afterwards, saw in the possession of *Case*, a *Hudson* bank note, which he verily believed to be the same note which the witness had just before returned to the intestate.

The fair character of the intestate was also proved, and that he was in the practice of lending small sums of money. The jury found a verdict for the plaintiff.

On this statement of facts, the cause was submitted to the court, without argument.

*Per Curiam.* The parol proof was sufficient to warrant the verdict in the court below. The party did not object to the admission of the book of entries of the intestate, but only to the conclusive effect of the book. How far the private entry of the party himself, in his favour, be admissible, as evidence for him, in support of a charge, is a question not necessarily arising in this case. Such entries have been held admissible, when against the interest of the party making them. (7 *East*, 290. 10 *East*, 109. 1 *Campb. N. P.* 367.) But the general rule of the *English* law is to deny the legality of such entries as proof, when in favour of the party, even in the case of a regular tradesman's books. (2 *Salk.* 690. *Buller's N. P.* 282.) No inference can be drawn from the provision in the statute of 7 *Jac.* I. that tradesmen's books were evidence within the year; for Lord *Holt*, in the case in *Salk.* repels any such inference; and *Barrington*, in his *Observations upon the Statutes*, (p. 399.) says, that the statute of *James*, in this particular, "shows very great ignorance of the common law." In other countries in which such evidence, of the party's own fabrication, is admitted, it requires the suppletory oath of the party, to give it effect.

*(Pothier, Traité des Oblig.* No. 719. 833. 2 *Tyng's Rep.* 217.) If such proof is to be tolerated at all with us, owing. to the usage which may have crept in, and the difficulty, in many cases, of giving proof of a sale and delivery, it can never apply to a charge for cash lent, but only to the regular entries of the party, in the usual course of his business; and even then, it cannot receive greater indulgence than what was granted to it by the magistrate in this case, for we have no authority to require or admit the oath of the party. All that the justice ruled upon the trial in this case, was, that the book was not conclusive, nor, of itself, sufficient evidence to entitle the plaintiff to recover, but that the jury might consider it in connection with other circumstances. As the demand was for cash lent, the book would have been inadmissible, if objected to at the time, and without it the evidence was sufficient. Judgment must therefore be affirmed.