T'he Chief Justice delivered the opinion of the court.
This case came before the Court of Common Pleas of the-county of Middlesex, on appeal from the court for the trial of small causes. The demand of the plaintiffs was for the-hire of a gig. The defendant claimed a set off for cash lent ; and upon the hearing of the appeal, to support his claim, produced a book of accounts, which was admitted to be his- *225 book of original entries, appeared to have been regularly-kept, and contained entries daily made; and among others one for cash lent $10, under date of the 25th September, 18-27, against the plaintiff’s intestate, being the only entry or charge either for or against him. The Court of Common Pleas adjudged the evidence to be insufficient to support *the claim, overruled the set off, and rendered judg- [*190 ment for the plaintiffs.
The question thus presented to us, is, whether a book of accounts exhibiting no mutual course of dealings between the parties, nor even a succession of charges by the one against the other, but containing a single entry or charge of cash lent, is sufficient or admissible evidence to sustain a demand for money lent and advanced.
We are required, in my opinion, to answer this question in the negative. Such a book for such a purpose, is incompetent evidence. The rules respecting books of account, have already been extended to the outermost limit of safety and propriety, if not somewhat beyond. The proofs required to render a book admissible as a book of original entries, are slight and inconclusive; the kinds of hooks which have, in some instances, been admitted, are liable to suspicion and abuse; and the nature of the charges which may be sustained by book entries, embraces a very wide field. I have no inclination to extend either of these an hair’s breadth. On the contrary, I am persuaded the welfare of the community will speedily, if it does not already, call for the correcting and pruning wisdom of the legislature.
In the English courts, even a tradesman’s regular hooks are admitted with the most sparing hand; only under peculiar circumstances; never as ordinary means of evidence, and never as proof of a loan of money. The courts of this country have, from considerations of convenience, relaxed the rule of the common law; but have never yet, it is believed, so far departed from it as is now sought by the plaintiff in certiorari. The doctrine in the stale of Massachusetts, is *226 laid down in the case of Prince v. Smith, 4 Mass. 455 “ In actions of assumpsit for articles delivered, or for work and labor performed, the admission of proof by the book of the plaintiff himself, appearing to be in his own hand-writing, and supported by his supplementary oath, is a practice, in the extent to which it has been carried, peculiar to New England, if not confined to this state. There are, however, obvious difficulties attending this mode of proof, and it ought not to be extended by any new precedent. Every memorandum of a shop-keeper or laborer, is not to be admitted as his book. It is essential to this kind of evidence that the charges *191] *appearing to be in the handwriting of the party, are in such a state that they may be presumed to have been his daily minutes of his business and transactions, in which regard is had to the degree of education of the party, the nature of his employment, and to the manner of his charges against other persons. Where this appearance is wanting, and the presumption cannot be made, the evidence has been usually rejected as incompetent.” In the same case, it was held that original minutes are incompetent to prove charges of cash paid to third persons by order, and of rent; of these items, it is said no book ever was or could be evidence ; and the reason is given, that better proof may always be had. Swift, in his treatise, and in his work on evidence, states the law of Connecticut. “ Book debt is properly confined to transactions between the parties, where in • the usual course of their business, they charge on book articles of property sold and delivered, services performed, and the use of anything hired and returned.” He says, “ there can be no question that money is a proper charge on book, when delivered in the ordinary course of dealings.” 2 Swift’s System, 167, 169; Swift on Evid. 81, 83. In New York, are the cases of Case v. Potter, 8 John. 211; and Vosburg v. Thayer, 12 John. 462. In the former it was decided that a book of accounts is not admissible evidence of money lent; and that it can only apply to the regular entries of *227 the party in the usual course of his business. In the latter case, it was also held that books of account are not evidence ■of money lent; and the reason given is, that such transactions are not, in the usual course of business, matter of book account. It was farther held, that books are not evidence in the case of a single charge ; and because there exists in .such case no regular dealing between the parties. In the state of Pennsylvania, in Ducoign v. Schreppel, 1 Yeates, 347, it was determined that entries in day books are not evidence of money lent. “ In those instances,” the court said, “ the necessity does not exist, for the party has it in his power to take notes or receipts in the ordinary course of ■dealing.” In Wilmer v. Israel, 1 Browne, 257, it was held that entries made by the party himself, are evidence to charge the defendant in two cases only, namely, where goods are sold and work done. In the Juniata Bank v. Browne, 5 Serg & Rawle, 231, Chief Justice Tilghman said, “By ancient custom in Pennsylvania, *the books of [*192 original entry of a merchant or shopkeeper, are received as evidence of the sale and delivery of goods. This rule was founded on convenience. But they were never admitted as evidence of the payment of money; there was no necessity for this, as it is the business of a man who pays money to take a receipt for it.” In this state, the earliest case we have in print, is an anonymous case, cited by Justice Ford, in Wilson v. Wilson, in which this court, about the year 1792, determined that book entries for cash are not legal evidence. In Craven v. Shaird, in the year 1799, Cases temp., Chief Justice Kinsey, 2 Halst. 345, an exception on certiorari was taken to the judgment of a justice, that ha had permitted the plaintiff to prove by his day book the various items of his account, the principal of which was one for money lent. Boudinot, Justice, said, “A man’s own books are not evidence of money lent, not being in the usual course of business.” Kirkpatrick, Justice, said, “The rule is, that shop books are evidence in the course of business, *228 but not of money lent.” Chief Justice Kinsey said, “ When a book contains various charges, though some of the items are for money lent, it is usual to suffer it to go to the jury.” He does not say that if they stood alone, the book would then be admissible. He does not speak of a single entry of money lent. Hp limits his remark to various charges ; and the counsel of the plaintiff had sought to Sustain the judgment, not on the ground that thé book was evidence of money lent, but because various other transactions in the way of business, had taken place between the parties, and not being aware that different kinds of testimony would be required to prove that goods were purchased, work performed, or money lent, all had been entered in the same manner. In this case the judgment was affirmed ; on what ground we do not learn from the report. The decision was not given at the time these remarks were made by the court, but at a subsequent day, when a transcript from the justice of the account, not previously before them, was .■brought in. After the explicit opinions expressed by two of the judges, we may presume the exception was not sustained in point of fact, 'as the reporter states that on the production .of the transcript, the judgment was affirmed una voce. In Wilson v. Wilson, 1 Halst. 95, some diversity existing, the justices of the court delivered their' *193] *opinions seriatim. Justice Ford said, “ Book entries are no legal evidence to prove the borrowing or lending of money;” and he supported his position by a very satisfactory argument. Justice Rossell said “ he had taken the rule to be that a single or two or three charges for cash, standing alone, would not be proof sufficient to charge the defendants. But where the parties had mutual dealings, such as in their nature would warrant the idea that such charges might have happened in the course of business and be just, they ought'to be left to the jury.” Chief Justice Kirkpatrick said, “Upon principle he could see no reason why a book should be lawful evidence of one item and not *229 of another, why it should he evidence of goods sold and delivered and not of money paid or advanced. Why should there be witnesses called or receipts taken in the one case more than in the other? If necessity be pleaded for the one may it not for the other also ? for they are both transactions in the common course of business, equally necessary and I should think equally frequent or nearly so.” There is nothing then, either in this case or in the remarks of the court which will serve to sustain a book as evidence of a single charge for money lent.
The decision of the Court of Common Pleas is, in our ■opinion, correct, and their judgment should be affirmed.