# Bell & Bell *v.* Wilkinson.

*Action for Statutory Penalty, for Failure to enter of record*
*Satisfaction of Mortgage.*

1. *Entering satisfaction of mortgage; sufficiency of demand.*—Under the stat-
ute which requires a mortgagee, "at the request of the mortgagor," to enter
on the record satisfaction of a mortgage which has been satisfied, and im-
poses a penalty for his failure or refusal to do so (Code, §§ 2222–23), it is
sufficient if the request is made by the mortgagor's agent or attorney, duly
authorized to make it. It is the duty of the mortgagee, when the mortgage
has been satisfied, to enter satisfaction without request; and if he denies or
doubts the authority of the agent or attorney by whom the request is made,
he should place his refusal on that ground, and demand evidence of the
authority.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

Action for statutory penalty ($200), for defendant's failure
to enter of record, on request and demand of plaintiffs, sat-
isfaction of a mortgage which had been paid and satisfied.
Plea, that no demand or request was made by plaintiffs, or
either of them. Replication, that the demand was made by
plaintiffs' agent and attorney, thereunto specially authorized.
Demurrer, because request by agent or attorney is not au-

thorized by statute, and is not sufficient. Demurrer sustained, and judgment thereon now assigned as error.

POSEY & CRENSHAW, for appellants.

GAMBLE & BOLLING, *contra*.

SOMERVILLE, J.—This is a suit brought by the appellants against the appellee, Wilkinson, claiming a penalty of two hundred dollars, for a failure to enter satisfaction of a mortgage, after request, under the provisions of sections 2222 and 2223 of the Code of 1876. The request made of the appellee was not made by the mortgagors in person, or either of them, but by their specially authorized agent and attorney.

It is claimed that this is a penal statute, and must be strictly construed; and that it can not be implied that the request of an *agent* is to be substituted for that " request of the *mortgagor*," which is required by the law-making power. Without denying the force of the suggestion, we can not permit it to be prevail to such an extent as to defeat, by refinement of construction, the obvious intention of the legislature. No statute is to be interpreted, if avoidable, so as to be repugnant to reason, and lead to inconvenience.—Potter's Dwar. Stat. 245–6. " A person ought not to think," says Plowden, " if he have the *letter* on his side, that he hath the *law*, in all cases." It is a sound and wise maxim of the law, demanded by the exigencies of trade and commerce, and the practical pursuits of every department of business, that " whatever a man *sui juris* may do of hinself, he may do by another "; and it is a correlative of the maxim, that " what is done by another, is to be deemed done by the party himself." The common law and civil law, alike, recognize the potency of this principle, as found embodied in the familiar maxim, *Qui facit per alium, facit per se.*—Story on Agency, §§ 2, 440.

We think the notice or request by the agent of the mortgagor was sufficient. It was the mortgagee's duty, moral and legal, to enter the satisfaction without request; and if he questioned the authority of the mortgagor's attorney, he should have so stated, and demanded proper evidence of it. The purpose of the statute is, to quicken his diligence; and there is no reason for confining the power to give it to the mortgagor, and refuse it to his authorized agent or attorney. This construction is not affected by the use of the phrase, " either in person or by *attorney*," found in the ensuing section of the Code (§ 2223). This was inserted from abundant

caution, as the mortgagee was authorized to make such entry by attorney, independently of the statute.

The Circuit Court erred in sustaining the demurrer to plaintiff's replication; and its judgment is reversed, and the cause remanded.