# L. & E. Lamar *v.* Smith.

*Action to recover Statutory Penalty for Failure to enter of Record Satisfaction of Mortgage.*

1. *Entry of satisfaction of mortgage; sufficiency of demand; agency.*—Under the statute which requires the mortgagee, at the written request of the mortgagor so to do, to enter satisfaction of the mortgage upon the margin of its record, and imposes a penalty for his failure or refusal to do so, (Code, § 1066), it is sufficient if the written request is made by the mortgagor's agent or attorney, duly authorized to make it.

2. *Same; same; same.*—In order for an agent or attorney to make a valid request of the mortgagee to enter satisfaction of the mortgage on the margin of its record, it is not necessary that such agent should be authorized thereto in writing.

3. *Same; same; same.*—While a valid request from a mortgagor to the mortgagee to enter satisfaction of a mortgage on its record can be made by the agent or attorney of the mortgagor authorized thereto by parol, it is necessary, in order that such request should be valid and meet the requirements of the statute, that in the writing containing the request it should be shown that the agent or attorney was acting not as an individual, but as an agent and representative of the mortgagor.

APPEAL from the City Court of Selma.

Tried before the Hon. JOHN W. MABRY.

This was an action brought by the appellee against the appellants. The purpose of the suit and the facts of the case are sufficiently stated in the opinion.

[L. & E. Lamar v. Smith.]

On the trial of the case, the defendants introduced no evidence, but requested the court to give the general affirmative charge in their behalf. The court refused to give this charge, and the defendants duly excepted.

There were verdict and judgment for the plaintiff, fixing his recovery at $200. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

PETTUS & PETTUS and L. E. JEFFRIES, for appellant. The request for the cancellation of the mortgage upon the margin of the record, as made in this case, was not sufficient.—*Scott v. Field*, 75 Ala. 419; *Loeb v. Huddleston*, 105 Ala. 257.

By reference to the letter it will be seen first, that it is written about an entirely different matter—about the judgment in the detinue suit which Smith had rendered against the Lamars. Second, that it is signed by W. W. Quarles. Third, in the letter he does not purport to be acting as attorney for Robert Smith, or for any one else. These facts show that the request was insufficient.—*Jarrett v. McCabe*, 75 Ala. 326.

The request should have been made in the name of the mortgagor. It may be contended that it was the duty of the appellants to make inquiry and ascertain, first, whether Quarles had authority to make the request; and, second, for whom he was acting. If the request had been made in the name and on behalf of the principal, and not by Quarles individually, then, perhaps, it would have been incumbent on appellants to ascertain whether Quarles had authority to make the demand, but they being under no legal obligation to Quarles, the law did not compel them to make inquiry. "A person is not chargeable with notice of a fact when reasonable inquiry on his part would discover its existence, unless the law casts upon him the duty of making such inquiry."—*Kyle v. Ward*, 81 Ala. 121; *Shealy v. Edwards*, 75 Ala. 411; *Hodges v. Coleman*, 76 Ala. 103; *Lomax v. LeGrand*, 60 Ala. 543; *Hopkins v. Layton*, 30 Wis. 379.

The request should have also shown that the attorney was duly authorized to make it. This authorization should have been in writing.—*Bell v. Wilkinson*, 65 Ala. 477; 1 Amer. & Eng. Ency. of Law, 368.

[L. & E. Lamar v. Smith.]

W. W. QUARLES and A. L. McLEOD, *contra.*—W. W. Quarles as Robert Smith's agent and attorney had the right to make the request in writing as provided by statute for the satisfaction of the said record by said L. & E. Lamar, as provided for by the statute, and in his own name.—Jones on Mortgages, (4th ed.), § 989; *Bell & Bell v. Wilkinson*, 65 Ala. 477; *McNeill & Forniss v. Easley*, 24 Ala. 455; *Lampley et al. v. Weed & Co.*, 27 Ala. 621. One who deals with an agent is bound at his peril to ascertain the extent of his authority.—*Cummings v. Beaumont*, 68 Ala. 204; *Burks v. Hubbard*, 69 Ala. 379; *Howe v. Ashley*, 60 Ala. 496; *Lawrence v. Randall*, 47 Ala. 240; *Herring v. Skaggs*, 62 Ala. 180; *Clark v. Taylor*, 68 Ala. 453.

As a general rule, a contrary intention not being manifest, authority conferred on an agent, includes power to do everything necessary and usual to execute the authority with effect.—*A. G. S. R. R. Co. v. Hill*, 76 Ala. 303; *Herrings v. Skaggs*, 73 Ala. 446; *Same case*, 62 Ala. 180.

McCLELLAN, C. J.—This is an action of debt prosecuted by Smith against L. & E. Lamar to recover the penalty prescribed by section 1066 of the Code for failing for two months after written request so to do to enter satisfaction of a mortgage, executed by the plaintiff to the defendants, on the margin of its record in the office of the judge of probate. The complaint contains three counts. There were demurrers to some of the counts and a motion to strike a part of one of them. Nine pleas were interposed by defendants. There were motions to strike many of the pleas, and there were demurrers to several of them. There were also quite a number of replications, and demurrers to them severally and motions to strike. But none of the motions to strike appear by the bill of exceptions, nor the court's action thereon. Hence that action cannot be reviewed. And there is no *judgment* shown by the transcript upon any of the demurrers interposed in the case. So the rulings of the trial court upon them cannot be revised here. Looking to the bill of exceptions, we find that the only

issue in the case which was really contested was whether Smith, the mortgagor, made the statutory request for the entry of satisfaction of his mortgage on the margin of the record, it being admitted or proved without conflict that the mortgage was executed and recorded, that it had been fully paid, and that defendants failed for more than two months after they received such request as was made to enter satisfaction on the margin of the record. The request relied on by plaintiff was made in the following letter: "William W. Quarles, Attorney at Law and Solicitor in Chancery.—Selma, Ala., Dec'r. 30th, 1898:. Messrs. L. & E. Lamar, Selma, Alabama, Dear Sirs:—Having today received your check for $136 and some cents, in payment of the judgment recovered against you by Robert Smith, in the circuit court of Dallas county, September 20th, 1898, and not desiring to put you to the trouble of any further litigation, if avoidable, I beg to submit the following: On or about May 13th, 1892, you sued out a writ of detinue against said Robert Smith, and in order that a writ of seizure of the property might issue, made bond in the sum of $1,000 to said Smith by your firm and selves individually, on condition that if you failed in the suit, you would pay all costs and damages sustained by him. He has at least suffered damages to the extent of his lawyer's fee, which is 15 per cent. on the amount involved in the suit. The balance on the account claimed January 1, 1892, is $507.32, interest on this sum at 8 per cent. to September 20th, 1898, (6 years, 8 mos. 20 days), is $272.73; and the judgment $133.47 makes the total amount involved $913.53, of which 15 per cent. is $137.02. Which last sum is a very reasonable fee. I shall be glad if agreeable to you to have this settled at once, and without suit. Please also satisfy the record of said Smith mortgage to you for $2,600, of date February 2d, 1891, and recorded in book 131, on page 326, in Probate Office. I remain, Yours truly, W. W. Quarles." It was not controverted that Quarles wrote this letter or that defendants received it on the day of its date or the succeeding day. It was fully and competently proved by the testimony of Smith and Quarles that the former authorized and requested the latter to make the necessary request to the

Lamars to enter satisfaction of the mortgage on the mar-
-gin of its record; and it is not questioned that Quarles
made the request shown in the letter under and in pur-
suance of such authorization by Smith, and in compli-
ance with the latter's said request. But this authoriza-
tion and direction of Smith to Quarles was oral, and it
is insisted that as the statute requires the request to the
mortgagee to be in writing, the authorization by the
mortgagor to an agent or attorney to prefer the request
must also be in writing. This position is not tenable.
It is elementary that an authorization to execute any
paper not under seal in the name or on behalf of the prin-
cipal may well be oral, except, of course, in those cases
where the power of attorney is by statute required to be
in writing. Again, it is contended that the written re-
quest provided for by section 1066 of the Code cannot
be made by an agent or attorney at all, but only by the
mortgagee himself; but this court has ruled adversely
to this position in express terms and upon very satis-
factory considerations.—*Bell v. Wilkinson*, 65 Ala. 477.
But it is said that granting the request may be made by
an agent and conceding that Quarles was Smith's agent
in this instance to make the request, yet he did not make
the request as Smith's agent, but individually only, and
hence the request was abortive. Upon this it is conceded
that the request must be made for and in behalf of the
mortgagor. As a matter of fact, it is clearly shown
here that the request was made for and in behalf of the
mortgagor. But the point of objection is that the de-
fendants were not *informed by the letter* that Quarles
was acting as the agent or attorney of the mortgagor
and made the request in the capacity of such agent or at-
torney; and upon this it is insisted that inasmuch as it
was necessary to go outside of the letter for evidence
that it was written for and in behalf of the mortgagor,
and to prove the fact by oral testimony, the letter was
incomplete and imperfect in itself as a request in writ-
ing on the part of the mortgagor—the perfected request,
the idea is, resting thus in part upon the writing and in
other part upon oral testimony. We are of opinion that
this position of appellant is well taken. The statute re-

[L. & E. Lamar v. Smith.]

quires the entry of satisfaction only "on the request in
writing of the mortgagor." It is a highly penal enact-
ment, and is to be strictly, exactingly construed, as has
been many times held by this court. The manifest in-
tent of the requirement under consideration was to
make it certain by written memorial in all cases whether
the required request has been made by the mortgagor.
This intent will not be effectuated if it be allowed that
the request may be partly written and partly spoken,
that so far as the demand itself is concerned there must
be a writing, but that as to the party who makes the re-
quest no writing is necessary. The purpose was to re-
quire a writing which would in and of itself inform the
mortgagee not only that such demand was made upon
him, but also that it was made by a party having a right
to make it, and which when laid down in court would
speak for itself and tell its own complete story, and
leave nothing to the uncertainties of oral testimony.
Such would not be the case even where the mortgagor
hands to the mortgagee a writing in the form of the
statutory request, but not signed by him; and, a *fortiori*,
such would not be the case where the writing is by a
third party who signs his own name to it without setting
forth that he is acting for the party entitled to make the
request. In neither case is there "a request in writing
by the mortgagor" or for and on behalf of the mortgagor,
within the letter, or even the spirit, of the statute. The
letter here in evidence does not show on its face that the
request to enter satisfaction which it contains is pre-
ferred by the mortgagor or by his agent or attorney; and
it is not signed by the mortgagor, nor by one purporting
to be his agent or attorney, but by W. W. Quarles as an
individual. It does not apprise the mortgagees of all
they are entitled to know by it, and it would not tell its
own complete story in a court of justice. That it did
not in this case is shown by the mass of extraneous evi-
dence adduced to show that apart from the paper the
defendants had knowledge or notice that Mr. Quarles
was acting for the mortgagor. All this should have been
excluded, and the court should have held that the writ-
ing was insufficient as a request by the mortgagor under

[Schloss v. Inman, Smith & Company.]

the statute and charged the jury without hypothesis to return a verdict for the defendants.

The case of *Bell v. Wilkinson,* 65 Ala. 477, is not an authority on the point last considered. When that case was decided the statute did not require a written request. The request was oral and by the mortgagor's agent thereunto orally authorized. The transcript in that case shows—what does not appear in the report of it—that the agent stated at the time he made the request that he was therein acting for the mortgagor. This was a complete oral request as then required. So the writing here would be adequate if it had stated that Quarles was acting for the mortgagor.

For he errors indicated above, the judgment must be reversed. The cause is remanded.