Judge Hitchcock
delivered the opinion of the court:
The decision of this motion depends upon the construction of section 2 of the act of December 18, 1823, “ dispensing with proof in certain cases.” 2 Chase’s Stat. 1295. This section provides, “ that in all actions where any claim or defense is founded on book accounts of not more than eighteen months’ standing, in which is drawn in question the validity or amount of any such book accounts, the court or justice may, upon the trial of such action, examine the party under oath or affirmation, touching the validity of such account or accounts, which shall be admitted as evidence on the trial, the credibility thereof being left to the jury or ■justice to determine.” It will be remembered that this is not the first statutory provision in this state upon the subject. Section 6 of the “act for the prevention of frauds and perjuries,” passed February 19, 1810, is in words the same. . 1 Chase’s Stat. 695. , I well recollect that the courts of that day, when this enactment *503 was first made, held that it only authorized the party to testify that the book introduced was his book of accounts, and that he-could not by his own oath verify any particular item of charge. This construction wás adopted on the ground that the statutory provision was an innovation upon the principles of the common-law, and ought not to be extended beyond its letter, and from an apprehension that a statute made for the prevention of frauds and perjuries, would, by any other construction, have a tendency to-increase perjuries.
This strict construction was not, however, adhered to for any length of time, and in the course of practice upon the circuit, the following general principles have obtained:
1. If the items charged are such as generally constitute the ^subject of book account, the quantity, quality, and delivery of the articles, if goods or chattels, or the services performed, if labor, may be proved by the oath of the party claiming by virtue of the book account. But the book in which the original entries were made must be produced, otherwise the oath of the party will be rejected. If, for instance, there be day-book and ledger, the day-book as well as the ledger must be before the court.
2. Money, especially if of any considerable amount, is not the proper subject of book account; still if, in the course of business, small sums are passing between the parties, these may with propriety be charged on book, and proved in the same manner as the other items of the account.
3. Although the party introducing the book can only testify to the quantity, quality, and delivery of the articles, or to the performance of the services therein’ charged, still in the cross-examination more extensive latitude of inquiry is given.
4. The party testifying, to sustain the charges on his book, can not testify as to the value of the articles charged, or of the labor performed; much less, if there be a specific contract, can he testify to such contract.
Books of deceased persons have sometimes been permitted to go to the jury, in connection with other evidence, and without further proof, as to the books themselves, than that they were in the handwriting of the person making the charges. But this has been done, not in consequence of the statute, but from the necessity of the case, and in accordance with the principle that the handwriting of a clerk in the habit of making charges may be proven *504 after his decease, or when he is without the jurisdiction of the court.
It is insisted, however, by counsel for the plaintiff, that this is an improper construction of the statute, and one which docs not cany out the intention of the legislature. And the position is assumed, that any chai’ges made upon book may' be verified by the oath of the party making such charges. If, however, we apply the ordinary rules of construction to the statute, I apprehend it will be found that the practice adopted under it is substantially correct. In transactions among men, it is an ordinary custom to keep books, in which charges are made for goods and chattels sold, labor performed, or other services rendered. The merchant, the farmer, the mechanic, the professional man, all keep books of account. And in a great proportion of cases, it would be utterly impossible to prove the ^-accuracy of the charges made on these books by disinterested testimony. In consequence of this difficulty, a practice has been prevalent in some of the states to permit parties to testify to their accounts, even where there is no statute to authorize it. Such is believed to be the case to some extent in New York, and to a greater extent'in Pennsylvania. In Connecticut, they have a form of action denominated an action of book debt, and by a statute enacted as early as 1714, and which has been continued to the present time without any material change, the parties are authorized to testify as witnesses. 1 Swift’s System of Con. 166. This statute, however, seems to have been the more recognition of a principle previously adopted in practice. By a statute of Yermont, passed as is believed in 1797, actions upon book account are placed in some respects upon the same footing with the old action of account, and the parties may be examined upon oath.
The difficulty of making proof in such cases was undoubtedly the inducement which induced the legislature of Ohio to enact the provision before referred to in the acts of 1810 and 18'i8. In construing this provision, however, it will not do to extend it beyond the pre-existing mischief intended to be remedied. That mischief was the extreme difficulty, and in many cases, the utter impossibility of proving the quantity, quality, or delivery of articles passing from one person to another upon credit, and which are ordinarily charged upon book. The merchant does not always keep a clerk by whom this proof could be made; the *505 farmer or mechanic rarely, if ever. Hence the necessity of the statute. But when the quantity, quality, and delivery are proven by the party who alone may be supposed to be acquainted with these facts, there is no necessity of going any further with the testimony from this interested source. The price or value can as well be proven by disinterested witnesses.
It could not have been the intention of the legislature to make any change in the business of the country, or to authorize charges to be made upon book for things which are not properly the subject of book accounts; and if any person shall make such charges upon his book, with a view to sustain them by his own oath, it ■can be viewed in no other light than as an attempted fraud upon the law. Money lent or paid is not ordinarily charged upon book. The person lending or paying usually takes a note or receipt. Arj individual, it is true, might be engaged in a business that would, seem to justify such charges; and in such *case-, I am not prepared to say that he might not be examined as a witness. Whether he might or not, it is not now necessary to determine. The case before the court is not one of that character. Here an account was exhibited, consisting of seven separate items, amounting in the whole to $872.50. Of this amount $687.50 was contained in three separate charges for cash. It was proposed to prove this part of the account, and this alone, by the oath of the party. In the opinion of the court, it could not have been the intention of the legislature to admit this kind of testimony in such a case. And we believe that the construction heretofore given the statute upon the circuit is correct, and are not disposed to depart from it.
This'opinion is fortified by the following authorities: 8 Johns. 211; 12 Johns. 462; 1 Yeates, 347; 1 Day, 104.
The motion is overruled, and judgment will be entered for the defendant on the nonsuit.