JAMES M. COLLIN, Appellant, *v.* STEPHEN CARD,
Respondent.

A private account book of the plaintiff, kept by himself, and containing only an account of money paid, is not evidence to charge the defendant.

Where the plaintiff's defence to the set-off of defendant, involved the question, whether or not profits had been made by plaintiff's steamboat, such account book is not evidence to sustain plaintiff's hypothesis.

APPEAL from the Superior Court of the City of San Francisco.

, This action was brought to recover of defendant $588, money collected by defendant, &c., to the plaintiff's use. Defendant in his answer denies all indebtedness to the plaintiff, and avers that he was employed by the plaintiff to command the steamboat Boston, for plaintiff, at certain wages per month, and after managing her three months, she was destroyed by fire; and at the time of her destruction the plaintiff was indebted to him for services, in the sum of $750, and admits that he collected as manager of said boat, and as agent for plaintiff, $580, which he paid to himself, and insists on his right so to do. Defendant claims also further sums for money alleged to be advanced by him, as master and manager of said boat; specifying $23 paid, and $170 due him for services.

The cause was submitted to a jury, and the plaintiff offered evidence to show that the contract with defendant was, that his salary as master of the steamer, should be in proportion to the profits cleared by the boat. And offered to show "the earnings and expenses of the boat while running without a clerk, by his own private account book, containing only the receipts and expenses of the boat, from the time she was taken off the Sacramento route till she was burned,—kept by the plaintiff himself.

To this evidence the defendant objected, and it was rejected by the Court.

The jury found for the defendant, $7.72, for which sum, with costs, judgment was entered against the plaintiff, in favour of defendant.

The plaintiff moved the Court for a new trial, which the Court refused; and plaintiff appealed.

*Rankin*, for appellant.

*Cooke*, for respondent.

The opinion of the Court was delivered by HEYDENFELDT, Justice. MURRAY, C. J., and ANDERSON, Justice, concurring.

The only question of law raised by the record is, the refusal of the Court to admit in evidence a private account book of the plaintiff, containing the receipts and expenses of the boat. It appears that the book contained only an account of moneys paid, and was kept by himself. It was introduced to show that the boat had made no profits, upon the hypothesis that the contract with the defendant was for a share of the profits.

The jury found against this hypothesis, and therefore the exclusion of the evidence worked no injury to the plaintiff.

Besides this consideration, I know of no rule by which the excluded evidence would be admissible.

The judgment is affirmed.