## LE FRANC v. HEWITT.

Though the account-book of a tradesman, as a general rule, is not admissable to prove a charge for money loaned, yet where it was shown that plaintiff had procured and paid for certain articles for defendant, and charged it as money loaned, the book is admissable.

Admitting that a trader's book is not admissable to prove a single item, yet where the evidence shows that defendant bought goods at various times, for which only one charge was entered after the order was filled, *it seems* that the account-book is admissable in evidence.

APPEAL from the Superior Court of the City of San Francisco.

This was action of *assumpsit*, for goods sold and delivered, and for money loaned. The defence set up was that the credit was not given to the defendant, but to another person. On the trial the plaintiff was allowed to introduce his book of accounts, the only one kept by him, in evidence. The objections taken appear in the opinion of the Court. The Court below gave judgment for the plaintiff. The defendant appealed.

*H. C. Clark* for Appellant.

*Wm. Gouverneur Morris* for Respondent.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.

On the trial of this cause in the Court below, the plaintiff, to maintain the issue on his part, introduced in evidence a book, in which he kept his accounts, and made original entries of his daily transactions. It was shown that he was a Frenchman, doing a small business as an upholsterer; that he kept no clerk, and that his books were correctly kept.

The defendant does not seem to deny the correctness of the account, or the delivery of the articles, but alleges that they were sold, and the credit given to another, and therefore she is not liable. This was a qestion of fact for the jury, which they have found adversely to the defendant, and as the evidence is conflicting, we will not disturb the result.

The erasure in the book was sufficiently explained to entitle it to be admitted in evidence.

It is true, as a general proposition, that the account-book of a tradesman is not admissable to establish a charge for money loaned, but in this case it is shown in fact that there was no money loaned, but that the plaintiff procured some articles for the defendant, which he paid for, and charged as so much money loaned.

Again, it is contended that account-books are not admissable

to prove a single item.   Granting the principle, the evidence shows that the plaintiff sold the defendant a bill of goods, which she was several days in purchasing, and that he only entered the charge after all of the order had been filled.   But, as before remarked, the main defence is, that the credit was given to another person, and not that the items are incorrect.

Judgment affirmed.