[S. F. No. 1621. Department One.—January 9, 1901.]

## SAMUEL McFADDEN, Appellant, v. WILLIAM N. GOETTERT et al., Respondents.

CONVERSION—LOST SHARES OF STOCK—IDENTITY—CONFLICTING CLAIMS—BURDEN OF PROOF.—In an action for the alleged conversion of shares of stock lost by the plaintiff, where it appears that one of the defendants found certain shares of stock, which were claimed by a codefendant, and were disposed of by such codefendant through his broker, and the title of the plaintiff thereto is denied, the burden of proof is upon the plaintiff to show that the identical certificates lost by him were found by such defendant.

ID.—SUPPORT OF VERDICT.—Where the jury found for the defendants, under an instruction of the court not excepted to as to the bur-

den of proof resting upon the plaintiff to show identity of the certificates lost and found, and the evidence for the plaintiff is such that the jury might disregard it on the question of identity, its verdict and the action of the court in refusing to set it aside will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

Thomas E. Curran, and George H. Francoeur, for Appellant.

Charles G. Nagle, for W. N. Goettert, Respondent.

Wilbur G. Zeigler, and Martin Stevens, for Stauf & Cooper, Respondents.

H. H. McPike, for Samuel Heringhi, Respondent.

HARRISON, J.—The plaintiff charges the defendants with the conversion of certain shares of stock belonging to him, and seeks by this action to recover damages therefor. His cause of action is based upon the following facts: At some time in the early part of 1896 he owned and had in his possession two certificates representing, respectively, fifty and one hundred shares of the capital stock of the Consolidated California and Virginia Mining Company. These certificates were in an envelope which he carried in one of the pockets of his coat, and which was lost therefrom. At some time after he last saw the envelope he missed the stock, and upon making inquiries was informed that the defendant Goettert had found two certificates of the same stock, corresponding in the number of shares to those which he had lost. The certificates found by Goettert were numbered, respectively, 33,191 and 34,122, and were delivered by him to the defendant Heringhi, who claimed to be the owner thereof, and who afterward sold them through his brokers, Stauf & Cooper, the other defendants. The plaintiff in his complaint alleged that he was the owner of the shares of stock evidenced by certificates which were thus numbered, and this allegation was denied by the defendants. The cause was tried before a jury and a verdict rendered in favor of the defendants. From

the judgment entered thereon, and also from an order denying a new trial, the plaintiff has appealed.

The issue presented for trial was the plaintiff's ownership of the shares of stock represented by the certificates which were found by Goettert, and the burden of proof was upon the plaintiff to show such ownership in himself; for unless he was the owner of these shares, he had no right of action against the defendants, and could not question their title thereto. Upon this point the judge instructed the jury as follows: "The plaintiff is obliged to establish by a preponderance of the evidence that this stock found by defendant Goettert was his [plaintiff's] stock. It is not sufficient that he owned one hundred and fifty shares of Consolidated California and Virginia mining stock, but that he owned the identical shares found by Goettert. You are to infer the identity or nonidentity of the stock claimed to have been converted with that claimed to have been lost from all the circumstances in the case on both sides." No exception was taken to this instruction, the error relied on by the appellant being that the verdict is not sustained by the evidence.

The plaintiff testified that when he purchased the stock he did not take the numbers of the certificates and could not say what the numbers were. The broker through whom he purchased it testified that he had purchased for the plaintiff one hundred and fifty shares of the capital stock of the above-named corporation, represented by certificates with the above-named numbers. He stated, however, that his recollection of the numbers was based entirely upon the bill therefor, which he had made out to the plaintiff before he delivered the stock to him, and that his reason therefor was that he checked off the certificates by writing the numbers of the same upon the back of the bill. He also testified that when he handed the bill to the plaintiff the plaintiff threw it back upon the desk, and that he (the witness) placed it in a small account-book kept by him, and that it had remained there until the day before the trial, when, upon a search among his papers, he found it. The bill was produced, and upon inspection the writing upon the face appeared quite faint, while the numbers upon the reverse were written very heavily. The witness stated that he was unable to account for this discrepancy. He also stated that it was his

custom to indorse the numbers of certificates sold by him upon the back of the bill presented to his customers, but a bill was shown in which he had failed to observe this custom. Moreover, the bill presented to the plaintiff purported to be for three hundred shares of the capital stock of this corporation, while the numbers of the certificates written upon the reverse thereof represented only two hundred and fifty shares. There was no other evidence tending to identify the certificates found by Goettert with those lost by the plaintiff, and in view of the above testimony of the broker, it may well be assumed that under the above instruction of the court the jury disregarded his statements regarding the numbers upon the certificates sold to the plaintiff, and, if so, the plaintiff failed to maintain his action.

When the jury brought in their verdict certain of the jurors stated, in answer to an inquiry from the court, that they doubted the identity of the stock. We cannot review the action of the jury in determining the weight to be given to the testimony in this particular, and as the court, upon the motion for a new trial upon the ground that the verdict was against the evidence, refused to set aside the verdict, it must be assumed that he also was satisfied that the plaintiff had failed to show his ownership of the stock found by Goettert.

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.