[No. 5268.]
[No. 2894 C. A.]

## DAVIE v. LLOYD, ADMINISTRATRIX.

1. **Practice in Civil Actions—Pleading—Complaint—Oral Demurrer.**

Where there was not a complete failure to state facts sufficient to constitute a cause of action, and the defendant had answered and gone to trial in the county court without objection, and, after judgment against him, had appealed to the district court, an oral demurrer to the complaint, upon the ground that it did not state a cause of action, was properly overruled, as the same rule should apply in such cases that applies after judgment.—P. 252.

2. **Evidence—Memoranda Books of Deceased Parties—When Admissible.**

In the absence of showing that the entries were made in a memorandum book by the deceased in the due course of business, or at the time the services were performed or payments

made, such memorandum of account is not admissible under Mills' Ann. Stats., § 4718.—P. 253.

3.. Same.

When it is shown that the entries in a vest-pocket memorandum book and diary are in the handwriting of a deceased person, and it is further shown that it was found among the papers of the deceased and that no other record of such account was found, such book is admissible on behalf of his estate under the rules of the common law.—P. 253.

*Appeal from the District Court of Fremont County. Hon. M. S. Bailey, Judge.*

Action by Mary E. Lloyd, as administratrix of the estate of John E. Lloyd, deceased, against William H. Davie. From a judgment in favor of plaintiff, defendant appeals.    *Affirmed.*

Messrs. MAUPIN, McLAIN & WILKES, for appellant.

Messrs. CHAMPION & BLUNT, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court:

Action was brought by Mary E. Lloyd as administratrix of the estate of John E. Lloyd, deceased, in the county court of Fremont county against William H. Davie, to recover the sum of $100.67, alleged to be due on account of services rendered by the deceased. The defendant answered alleging payment, and, in a counterclaim, alleged that the deceased had been overpaid. The county court rendered judgment against the defendant, and he appealed to the district court. The cause was set for trial in the district court by consent of the parties. When the case was called for trial, the defendant withdrew his counterclaim, and objected to going to trial for the alleged reason that the issues were not made up, and because the complaint does not state a cause of action.

The objections were overruled. The trial resulted in a judgment in favor of the plaintiff, and the defendant appealed to the court of appeals.

The court correctly overruled the oral demurrer. In overruling the objection of the defendant, the court said: "These are matters for special demurrer or motion. I believe the complaint is good in the face of a general demurrer, but think it is subject to special demurrer or to motion."

In the case *Wilcox v. Jamieson*, 20 Colo. 158, a complaint containing substantially the same averments as the complaint in this case was held sufficient. Mr. Justice Elliott, speaking for the court, said: "Where a complaint fails to state any cause of action whatever in favor of the plaintiff against the defendant, a judgment by default should be set aside on motion when filed in apt time; but mere informalities, uncertainties or ambiguities in the averments of the complaint are not, of themselves, sufficient grounds for such motion; and when a cause of action in favor of the plaintiff against the defendant may be fairly gathered from the averments of the complaint, the complaint should be held sufficient after judgment."

The defendant had answered, had gone to trial in the county court, and it was not until the cause was ready for trial in the district court that a demurrer was interposed. Under these circumstances, the same rule should apply that applies after judgment, viz., that, unless there is substantially complete failure to state the facts which make up the plaintiff's cause of action, a general demurrer will be overruled.

There was admitted, over defendant's objection, a memorandum book which purported to contain the account between the plaintiff's intestate and the defendant. The entries were in the handwriting of the

deceased, and the plaintiff testified that she found it among her husband's papers after his death, and that she found no other record of the account with the defendant. The book was a vest-pocket memorandum book and diary. There was no other memorandum showing business transactions. On one of the first pages appears:

"My account is in back of book with W. H. Davie, P. M."

On one page is found these entries:

"Commenced to work for Davie May 14, '01, at 70 per month."

"To Jan. 14, amt..................562.00
                                   452.00
                                   ———
                                   110.00"

On the opposite page are entries purporting to be credits, aggregating $452.00.

It was not shown that the entries were made by the deceased in due course of business, nor at or about the time the services were performed or payments made. Under section 4718, Mills' Annotated Statutes, the memorandum of account was not admissible. The statute does not contemplate the reception in evidence of the books of a deceased person as proof of his account in a suit brought by his executor or administrator; it does provide that a party or interested person may testify himself to his account book and the items therein contained, or, if it should appear that the entries were made by a deceased person, or a nonresident, in the usual course of trade and of his duty or employment, the books shall be received in evidence. But the book was admissible in evidence under the rules of the common law.

"It is a very generally recognized rule, independent of any statutory provisions on the subject,

that books of account kept by a person who has since died, are, when accompanied by proof that they were his books and of his handwriting, admissible on behalf of his estate, if they would have been so admissible for him if he were living."—Encyclopædia of Evidence, vol. 2, p. 610.

In Greenleaf on Evidence, vol. 1, section 118, the author, speaking of the admissibility of a party's own books, says: "Though this evidence has sometimes been said to be admitted contrary to the rules of the common law, yet, in general, its admission will be found in perfect harmony with those rules, the entry being admitted only when it was evidently contemporaneous with the fact, and part of the *res gestae.* Being the act of the party himself, it is received with greater caution; but still, it may be seen and weighed by the jury." And he cites, in support of the text, *Bentley v. Hollenback,* Wright 169, in which it is held: "If the party is dead, his books, though rendered of much less weight as evidence, may still be offered by the executor or administrator, he taking the oath that they came to his hands as the genuine and only books of account of the deceased; that, to the best of his knowledge and belief, the entries are original and contemporaneous with the fact, and the debt unpaid."

In the case at bar, the administratrix was interrogated as to her belief concerning the accuracy and correctness of the entries in the books, but the court, upon objection being made, refused her testimony. In the case *Hoover v. Gehr,* 62 Pa. St. 136, Mr. Justice Sharswood says: "The book of a decedent appearing on its face to contain charges of merchandise sold and delivered, is admissible in evidence as proof of his handwriting alone. It is not necessary to accompany it with any evidence as to the time and manner in which the entries were made. This would gen-

erally be impossible from the death of the only party having any knowledge of the matter. The presumption *prima facie,* is, that the book of a decedent was regularly kept as a record of his daily transactions. If testimony is subsequently introduced which raises any question upon the subject, it is for the jury to determine, under proper instructions from the court.''

These authorities sustain the court's ruling in receiving the book as *prima facie* evidence. If it should appear, from the face of a book so received, that the entries were not made contemporaneously with the service performed; or if it should appear to be inaccurate in other respects; or if, from other testimony, it should appear that the entries are incorrect, the weight of the book as evidence would be greatly reduced, if its value as evidence be not entirely destroyed. In this case, there was testimony offered by the defendant showing payments differing in amount from those contained in the book, and, at times, different from those given by the deceased; but these were matters for the consideration of the trial judge, and he, having weighed the testimony and having found in favor of the plaintiff, no error of law appearing in the record, we shall affirm the judgment.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.