[Civ. No. 311.  Second Appellate District.—May 13, 1907.]

YICK WO, Respondent, v. M. E. UNDERHILL, Adminis-
    tratrix of Estate of J. H. UNDERHILL, Deceased, Ap-
    pellant.

Action Against Administratrix—Rejected Claim—Account—Evi-
    dence—Book of Accounts.—In an action against the admin-
    istratrix upon a rejected claim for meals furnished and money
    loaned to the decedent, the plaintiff's book of accounts was prop-
    erly admitted in evidence to show the number of meals furnished
    to the employees of the deceased at his request, in connection with
    evidence tending to show that it was a book of original entries, and
    was fairly and honestly kept.  What credit was to be given to the
    entries was for the trial court to determine.

Id.—Book Kept in Chinese Characters—Translation.—Where the
    book of accounts was kept in Chinese characters, there was no error
    in permitting a witness to translate its entries to the court.

Id.—Corroboration of Account.—Held, that there was evidence in the
    record outside of the book of account which tended to sustain the
    finding of the court as to the value of the meals furnished; and
    that the court properly allowed one of the employees of the de-
    ceased to testify that he was paid a fixed sum and his board by the
    deceased, and that this board was furnished by plaintiff.

Id.—Money Loaned—Book of Accounts—Sufficiency of Evidence.—
    An entry in the book of accounts is not proof of money loaned; but
    it is sufficient to sustain a finding thereupon that there is ample
    proof outside of the book to show that plaintiff made the loan, and
    that it was unpaid.

APPEAL from an order of the Superior Court of Kern
County denying a new trial.  J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

J. W. P. Laird, and E. B. Coil, for Appellant.

No sufficient foundation was laid for the admission of the
books.  (Watrous v. Cunningham, 71 Cal. 32, 11 Pac. 811;
Vosburgh v. Thayer, 12 Johns. 461; Morrell v. Whitehead, 4
E. D. Smith, 239; Conklin v. Stambler, 8 Abb. Pr. 395.)  The
books were not admissible to prove the loan.  (2 Wigmore on
Evidence, secs. 539, 1549; Collins v. Bard, 2 Cal. 421; La

*France* v. *Hewitt,* 7 Cal. 186; *Veiths* v. *Hagge,* 8 Iowa, 187.) Nor to prove entries against third persons. (2 Wigmore on Evidence, secs. 1541, 1549.)

W. W. Kaye, and Thomas Scott, for Respondent.

The plaintiff was a competent witness to prove the correctness of his book of original entries, kept by himself, as against the decedent. (*Landis* v. *Turner,* 14 Cal. 573; *Roche* v. *Ware,* 71 Cal. 375, 60 Am. Rep. 539, 12 Pac. 284; *Cowdery* v. *McChesney,* 124 Cal. 363, 367, 57 Pac. 221.)

ALLEN, P. J.—Appeal from an order denying a new trial. Plaintiff was the keeper of an eating-house at Mojave, and Underhill, deceased, was a saloon-keeper and ice dealer in the same town. Plaintiff issued meal tickets representing twenty-one meals for a consideration of $5. Some of Underhill's employees took their meals at plaintiff's place of business. For these meals tickets were issued to Underhill and he delivered the same to his employees, and when he settled with them he took from their wages the price of the meals so furnished by plaintiff.

The court finds that the price and value of such meals so furnished Underhill's employees was $80; and, in addition, that during Underhill's life plaintiff loaned him $500 in money.

Appellant was duly appointed administratrix of Underhill's estate and plaintiff duly presented his claim against the estate for the price and value of such meals so furnished and the amount of such loan; and the same being rejected, he brings this action. The court gave judgment for plaintiff. No appeal from the judgment was perfected within time, and the only appeal is from the order denying a new trial.

It is urged that the court erred in permitting plaintiff's book of accounts to be read in evidence, because no preliminary proof was first made entitling it to be received. The book was kept in Chinese characters, and plaintiff was properly permitted to testify as to his business; that he kept the book offered in evidence in connection with his business; that this book contained the original entries made at the time of the transactions; that he kept no other books; that when he delivered a meal ticket he immediately put it down in the

book; that the entries were all made by himself. We think this sufficient preliminary proof, coupled with the evidence of other witnesses that the entries as to the price of meal tickets corresponded with the fixed charge therefor and that plaintiff wrote part of the entries at the time of the transaction in the presence of such witnesses and in the book offered in evidence; all of which tended to show that the book was fairly and honestly kept. What credit should be given such entries in such book was for the trial court to determine. Were it even conceded that plaintiff was not competent to testify as to its correctness and fairness, an attempt to prove such fact by plaintiff himself was abortive. A question was asked him in relation thereto and objected to, but the answer was not responsive and established nothing, and no prejudicial error is apparent in the ruling of the court. There is some evidence in the record outside of this book which tended to sustain the finding of the court that meals to the value of $80 were furnished on and before the twelfth day of June, 1904, and the price thereof unpaid.

There was no error in permitting a witness to translate to the court this book so kept in Chinese characters.

There was no error in permitting the witness Taylor to testify that he was paid a fixed sum and his board by Underhill and that this board was furnished by plaintiff. It was competent evidence and tended to support plaintiff's contention.

The entry of cash loaned which appears in the book of accounts received in evidence would not of itself justify a finding in that regard. The book was competent as to the transactions connected with the plaintiff's business, and an entry therein disconnected from such business would not affect its admissibility as to those matters properly entered, but such entry was not proof of the loan. There is ample proof outside of the book to warrant the finding that plaintiff made the loan and that it was unpaid. While much of the evidence in the case was conflicting, it was for the trial court to determine the facts from such evidence, and such findings will not be disturbed.

The further point is made that plaintiff declares upon an indebtedness existing June 12, 1904, while the findings are that the indebtedness on account of the meals furnished was contracted between February 12th and June 21st, 1904, the

latter date being that of the decease of Underhill. The record shows that $80 of this indebtedness was contracted on and before the date alleged in the complaint, and that so much thereof as was contracted after June 12th, to wit, $20 thereof, was not considered and did not enter into the judgment. The court only rendered judgment for that portion of the account which was contracted within the time alleged in the complaint.

We find no error in the record prejudicial to appellant, and the order is affirmed.

Shaw, J., and Taggart, J., concurred.