# Burton *v.* Phillips, *et al.*

*Failure to Satisfy Mortgage.*

(Decided June 3, 1909. 49 South. 848.)

1. *Mortgages; Failure to Satisfy; Penalty; Evidence.*—Where the evidence tended to show that a written demand for the satisfaction of the mortgage was signed by each of the mortgagors, and was given by one of them to a third person who handed the demand to the mortgagee, and returned the copy to the mortgagor, this was prima facie evidence that the third person was acting for the mortgagors, and hence, such third person was qualified to testify that he served the written demand of the mortgagors for satisfaction of the mortgage upon the mortgagee.

2. *Same.*—Where it appeared that certain notes secured by the mortgage were signed by the mortgagors and a third person and there was evidence that one of the mortgagors gave the third person money to pay on the debt, and that such mortgagor went to the mortgagee's house with the third person and saw him go into the house and come out with one of the notes, such evidence was competent to show that one of the notes were paid with money belonging to the mortgagor.

3. *Evidence; Declarations Against Interest.*—A declaration made by one of the makers of the note which was secured by a mortgage executed by the other makers, that all the debt had not been paid, is a declaration against interest and admissible after the death of the declarant as tending to prove non payment of the debt.

[Burton v. Phillips, et al.]

4. *Evidence; Book Entries.*—Entries involving the transaction of another made in a person's book in his own handwriting are admissible in evidence after such person's death.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. RAY.

Action by C. W. Phillips and others against Adaline Burton for the penalty for a failure to satisfy a mortgage. From a judgment for plaintiffs' defendant appeals. Reversed and remanded.

The first count in the complaint is for failure to enter partial payment on the margin of the record of the mortgage, and the second count is for failure to enter full payment and satisfaction. C. W. Phillips, M. E. Phillips, and W. F. Wright signed the mortgage, which was for the purchase of certain lands. Two notes were executed, and the evidence tended to show that these notes were signed by the same persons who executed the mortgage, and also by W. F. Wright, mentioned in the opinion as 'Squire Wright. The demand was signed by the parties bringing the suit, and no other, and this demand, together with a copy thereof, was given to one Hinsley, who, it seems, served a copy upon Adaline Burton, and kept the other, and this was done at the request of the plaintiff. The defendant offered to show by Busby that he had a conversation with W. F. Wright before his death with reference to the mortgage debt due Mrs. Burton, in which conversation Wright stated that all the debt had not been paid, which on objection was disallowed.

Z. P. Shepherd and D. A. McGregor, for appellant.—The court erred in permitting witness to testify that he had handed the written demand to the defendant for the plaintiffs.—*Lamar v. Smith,* 129 Ala. 418; Counsel discuss other assignments of error, but without citation of authority.

W. L. ACUFF, and ACUFF & COONER, for appellee.—No brief came to the Reporter.

ANDERSON, J.—Counsel for appellant insist in their brief that the court erred in permitting the witness Hinsley to testify as to serving the written demand of the plaintiffs for a satisfaction of the mortgage and the entry of partial payment upon the defendant, because there was no proof that he was acting as agent of the plaintiffs when he served the demand on the defendant. The demand was in writing, signed by each of the plaintiffs. It was given him by one of the plaintiffs, and he returned the original after giving the copies to defendant. This was at least prima facie evidence that he was giving her the writing for the plaintiffs, and the trial court did not err in not excluding this evidence upon the ground insisted upon by counsel. The case of *Lamar v. Smith,* 129 Ala. 418, 29 South. 576, has no bearing upon this case. There the demand was made, not by the mortgagor, but by the attorney, and he had to show authority to make it. Here the demand was signed and made by each of the mortgagors, and Hinsley was used as a mere medium to give the same to the defendant.

The court did not err in permitting one of the plaintiffs to testify that he gave W. F. Wright money to pay upon the mortgage debt, as he said he went to defendant's house with said Wright and saw him go in the house and come out with one of the notes. This was clearly evidence for the jury as to whether or not one of the notes had been paid with plaintiff's money.

The trial court erred in not letting the witness Busby testify as to a conversation he had with 'Squire Wright with reference to the mortgage debt due the defendant. He signed the note with the plaintiffs, and was liable

[Burton v. Phillips, et al.]

for the debt, and his declarations, tending to show that the notes had not been paid, were against his interest.— *Hart v. Kendall,* 82 Ala. 147, 3 South. 41; *Humes v. O'Bryan,* 74 Ala. 64; *Camp v. Dill,* 27 Ala. 553.

The defendant's contention was that the money that she may have gotten from 'Squire Wright before his death was not upon the mortgage indebtedness, but went to pay an individual indebtedness from him to her, and she was permitted to prove that he was indebted to her; and the plaintiffs had the right to controvert this fact, and to introduce the entries in 'Squire Wright's books on the subject, as he was dead and they were shown to be in his handwriting.—*McDonald v. Carnes,* 90 Ala. 147, 7 South. 919, and cases cited.

For the error above suggested, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and McCLELLAN, JJ., concur.