## EMERSON-BRANTINGHAM IMPLEMENT CO. v. GILES et al.

No. 3655. Decided November 7, 1921. (202 Pac. 543.)

1. APPEAL AND ERROR—FINDINGS ON CONFLICTING EVIDENCE NOT DISTURBED. Where the trial court in a law case has made findings on disputed testimony, and the Supreme Court is of the opinion that there is substantial competent proof in the record to support such findings, it is precluded from reviewing the testimony to determine its weight.

Appeal from Third District

2. JURY—REFUSAL OF JURY TRIAL HELD WITHIN DISCRETION OF COURT. A party desiring a jury trial must either demand a jury in accordance with the statute prior to the time of setting the case for trial, or within such a reasonable time thereafter as the court may order, and having failed to do so, the court itself may proceed to try the issues, unless some showing is made on the part of the applicant which will appeal to the legal discretion of the court as excusing the applicant's neglect to make timely application.[1]

Appeal from District Court, Third District, Salt Lake County; *Wilson McCarthy,* Judge.

Action by the Emerson-Brantingham Implement Company against J. H. Giles and E. M. Hanson. From an adverse judgment, defendant Hanson appeals.

AFFIRMED.

See, also, 53 Utah, 539, 174 Pac. 181.

*W. B. Higgins,* of Fillmore, and *J. Louis Brown,* of Salt Lake City, for appellant.

*D. W. Moffat,* of Murray, for respondent.

GIDEON, J.

Plaintiff instituted this action on August 11, 1917, to recover judgment on five promissory notes and to foreclose a chattel mortgage given to secure the payment of the notes. The consideration for the notes was the sale of a Peerless threshing machine, with attachments, by plaintiff to defendants. A judgment by default for the sum of $1,366.54, together with costs and attorney's fees, was entered against defendants on August 22, 1918. The notes bear date August 31, 1916. The judgment directed a sale of the chattels de-

---

[1] *Board of Education v. West,* 55 Utah, 357, 186 Pac. 114; *Utah State Building & Loan Ass'n v. Perkins,* 53 Utah, 474, 173 Pac. 950.

scribed in the mortgage. The sale was had, and the property sold to defendant E. M. Hanson for the sum of $300. At about the date of the sale the defendant Hanson paid an additional sum of $200 on the judgment, and thereafter, within 60 days, paid an additional $500. On or about November 8, 1918, execution was issued on the deficiency judgment and placed in the hands of the sheriff. About that time defendants filed a motion in the district court to vacate and set aside the judgment. Numerous affidavits were filed both in support of and against that motion. Subsequently, on or about January 11, 1919, an order was made allowing the defendants to file an answer. No affirmative order was made setting aside the former judgment, and the order permitting the defendants to file an answer was made under an oral stipulation of counsel.

The answer alleged as a defense a breach of warranty. The contract of sale, among other things, contained the following:

"The company [plaintiff] warrants the machinery ordered herein to be well made, of good material, and, with proper use and management, to do as good work as any other machine of the same size manufactured for a like purpose."

The foregoing warranty was contained in the printed part of the contract. During the negotiations this additional warranty was written upon the margin of the agreement:

"This machine [the property hereinbefore referred to] is guaranteed to do equally as good work as any other grain thresher under like conditions. Otherwise all notes and money are to be refunded."

In the reply the plaintiff denied that the thresher was defectively and improperly constructed, and affirmatively alleged that with proper care and operation under normal conditions said thresher would do the work warranted under the contract. It is alleged in the reply that the defendants are estopped to claim any breach of warranty by reason of failure to give notice of the breach as in the contract provided, and for other reasons not necessary to mention here.

After the issues were made the court proceeded to take testimony and to make findings of fact and conclusions of law affirming the former judgment. The effect of the stip-

ulations by which the defendants were permitted to file an answer seems to have been that the court would take testimony, and if the testimony established a good defense to the plaintiff's action findings of fact, conclusions of law, and judgment would be entered accordingly.

The findings of the court respecting the order permitting the defendants to file an answer are as follows:

"That said motion upon the affidavits of the respective parties came on to be heard before the court, and it was stipulated in open court by counsel for the respective parties that upon the defendants tendering an answer, that if said answer tended to show a meritorious defense, that the said cause might be reopened and the case tried according to the evidence.

"That upon such stipulation the said defendants were permitted to file their answer and the issues were joined and the court proceeded to the taking of the evidence in said cause on the 10th day of June."

The court further found as a fact that there had been no breach of warranty; that it was established by the evidence that under proper adjustment and operating conditions the machine in question will do as good work as any other grain thresher.

As conclusions of law the court determined that the former judgment should be affirmed, and assessed the costs against the defendants. From that judgment the defendant Hanson appeals.

One of the errors assigned assails the findings of the court as not being supported by the evidence. It would subserve no good purpose to review the testimony, or to set it forth at length in this opinion. It must suffice to say that there is competent substantial evidence in the record to support the court's findings. As we understand appellant's brief, it is not contended to the contrary. It is claimed, however, that the court's findings are against the weight of the evidence. Whether there was a breach of warranty is a question of fact, and where the trial court in a law case has made findings upon disputed testimony and this court is of the opinion that there is substantial competent proof in the record to support such findings, then, both by statute

and a long line of decisions, we are precluded from reviewing the testimony to determine its weight.

The refusal of the court to grant a jury trial is also assigned as error. On March 22, 1919, the case was set for trial for May 6, 1919. The case, however, was not reached until the 12th day of June, 1919, at which time it came on for hearing. At that date, for the first time, the defendants asked for a trial by jury. There being no jury upon attendance, the court denied the motion. In *Board of Education* v. *West*, 55 Utah, 357, 186 Pac. 114, this court said:

"In other words, a party to an action, who desires a jury trial, must either demand a jury in accordance with the statute (section 6782, supra) prior to the time of setting the case for trial or within such a reasonable time thereafter as the court may order. Otherwise, the court must, saving the right to call to its aid a jury on its own motion, proceed to try the issues, unless some showing is made on the part of the applicant which will appeal to the legal discretion of the court as excusing the applicant's neglect to make timely application."

See also, *Utah State Bldg. & Loan Ass'n* v. *Perkins et al.*, 53 Utah, 474, 173 Pac. 950.

There is no reversible error in the record. The judgment is accordingly affirmed, with costs taxed against the appellant.

CORFMAN, C. J., and WEBER, THURMAN, and FRICK, JJ., concur.