[Civ. No. 6823.  First Appellate District, Division Two.—July 10, 1929.]

GLORIA WHITTIER, a Minor, etc., Respondent, v. HENRY AUTH, Appellant.

Reisner & Deming for Appellant.

Kingston & Cunningham, Leo A. Cunningham, Frank V. Kingston and Thomas M. Foley for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant and later she filed an amended complaint.  The amended complaint was answered.  A trial was had before the trial court sitting without a jury.  It made findings of fact in favor of the plaintiff and from the judgment entered thereon the defendant has appealed.

The plaintiff is the daughter and adopted daughter of Alice V. Whittier, deceased, and claims title under a deed

executed December 1, 1922, by the terms of which decedent conveyed to plaintiff's father and later, on October 31, 1927, he conveyed to the plaintiff. The defendant is the second husband of the deceased and claims title under a deed dated April 23, 1926. The last-named deed recites that it was made " . . . for and in consideration of the love and affection which the said party of the first part has and bears unto the said party of the second part and for the trust I repose in him that he will care for my child Alicia Gloria Whittier, does by these presents give, grant, etc." ▆ ▪ In her complaint the plaintiff inserted five different counts: The first was to remove a cloud on the title to real property; the second was to quiet title to real property; the third was to cancel a deed to real property because of undue influence exercised in the execution thereof; the fourth was to impress a trust on real property; and the fifth was for recovery of chattels with alternative damages. The action was tried on the fourteenth day of December, 1927. On the twenty-ninth day of November the defendant made a written demand "that the above-entitled cause be tried before a jury; and said defendant does hereby demand a jury trial in said cause." The motion was denied. The defendant claims that the court erred in denying his motion. The plaintiff calls to our attention the fact that some of the counts were distinctly equitable, and all counts were in one and the same action, and that the motion made by the defendant was so broad as not to be addressed to the counts pleading actions at law. The plaintiff then asserts that the ruling was not error and she cites and relies on *Meek* v. *De Latour*, 2 Cal. App. 261 [83 Pac. 300]; 35 C. J. 217. The court did not err in making the ruling.

▆ ▪ The trial court made a finding which appears on page 38 of the clerk's transcript and which the defendant prints on page 15 of his brief. The latter part of it the defendant has printed in italics. The portion italicized he claims to be a special finding. Thereupon he argues that the special finding controls the general findings and that the judgment as entered should have been in his favor instead of being against him. The vice in this argument is that the so-called special finding was entirely without the issues made by the pleadings, is nugatory, and of no service to either party. Again, the alleged special finding is one of several

findings, all of which were made of and concerning a deed dated December 1, 1922, which was made by the decedent and which is one of the deeds in the plaintiff's chain of title. The pleadings, the evidence and the findings are harmonious as showing that on the first day of December, 1922, the decedent caused to be written, signed and acknowledged a deed in favor of Vernon S. Whittier, the father of this plaintiff, and that said deed was delivered to John R. Tyrrell, Esq., as the agent of the grantee, to be held by him and recorded upon the death of the grantor. It may be conceded that the pleadings and the findings are slightly ambiguous, but the ambiguity is such that it readily disappears on taking up the findings and comparing one with the other. The findings should be construed, if possible, to support rather than to overthrow the judgment. In the instant case, if we follow that rule, the contention of the defendant must be decided against him.

The court made a finding to the effect that the damages amounted to $3,600. Claiming that the judgment should have been in his favor as to the title, the defendant asserts that the plaintiff suffered no damage. However, the trial court made a finding that the title rested in the plaintiff, therefore the defendant's claim is without merit. In this connection the defendant asserts that there is no evidence in the record that the rental value of the real property was $200 per month, but an examination of the record discloses that at least one witness gave direct and positive testimony supporting the finding.

The defendant objects to the finding regarding the title to the personal property and the value thereof as set forth in the fifth count. The plaintiff recites facts occurring since the entry of the judgment and stipulates that the judgment may be modified in so far as it awards damages against the defendant for the value of the personal property by deducting therefrom $1,000. The point has become a moot question.

The last point made by the defendant is that the evidence is insufficient to justify the finding that the deceased was of unsound mind when she deeded the property to the defendant, or that she was acting under undue influence, or that defendant practiced fraud in obtaining this deed. In reply the plaintiff claims that there were conflicts in the

evidence and that the defendant did not sustain the burden of proof resting on him when it transpired that the deed in his favor was made without consideration and that the grantor and grantee were husband and wife. After examining the record we are unable to say that the trial court erred in making a finding in favor of the plaintiff to the effect that when the deceased executed the deed dated April 23, 1926, to the defendant, she was of unsound mind, was acting under undue influence, and that defendant practiced fraud in obtaining this deed. But, be that as it may, the findings attacked were not prejudicial when considered with the rest of the findings. The court also made findings in favor of the plaintiff on the count which pleaded an action to quiet title. The count was fully proved and on the findings based on that count alone the judgment must necessarily have been for the plaintiff.

Acting on the stipulation above mentioned, $1,000 is deducted from the judgment and as so modified the judgment is affirmed. The plaintiff will recover her costs on this appeal.

Koford, P. J., and Nourse, J., concurred.