# G. S. WOOD MERCANTILE CO., Reinc. v. DOUGALL

No. 6292. Decided June 14, 1941. (114 Pac. 2d 202.)

*W. H. Streeper,* of Salt Lake City, and *A. V. Watkins,* of Provo, for appellant.

*Fabian, Clendenin, Moffat & Mabey,* of Salt Lake City, for respondent.

WOLFE, Justice.

Plaintiff brought this action in the lower court against the defendant, as administratrix of the Estate of Hugh M. Dougall, Jr., deceased, to recover a balance in the sum of $658.47 which plaintiff claimed the deceased owed on his account with plaintiff corporation. Defendant denied the debt and by counterclaim sought the amount of $431.11 from plaintiff. From a judgment for the plaintiff, defendant appeals.

The records of the plaintiff corporation show that a personal account was carried by it in the name of Hugh M. Dougall, Jr. There was another account in the name of H. M. Dougall & Sons, covering the business of the estates of H. M. Dougall, Sr., and his wife, which estates were managed by Hugh M. Dougall, Jr. In his capacity as manager, Dougall, Jr., charged purchases to and made payments on the Dougall & Sons account, for and in behalf of the estates. The dispute here arises from defendant's claim that Dougall, Jr., was not given credit on his personal account for a payment of $1087.58 made to G. S. Wood, the then manager of plaintiff corporation, on January 26, 1915. Plaintiff contends that a check for this amount was properly applied as a credit to the account of Dougall & Sons.

There is is a conflict in the evidence as to whether the disputed check was the personal property of Dougall, Jr., or represented funds received by him for and on behalf of the estates. To support her contention that the check should have been applied to the personal account of Dougall, Jr., defendant sought to show that the check had been received in the course of his personal business. On the other hand, plaintiff sought to sustain its application of the check to the estate account by offering evidence tending to show it represented funds received on behalf of the estates. Proof

as to the ownership of the check would be persuasive as to the manner in which it should have been applied, though not conclusive in view of the close association of Dougall, Jr., with both accounts.

The case was tried to the court, which found, among other things, that the check for $1087.58 was properly applied to the Dougall & Sons account. If supported by substantial evidence, this finding was sufficient on which to base a judgment for the plaintiff.

To determine whether or not there was substantial evidence to support the finding that the payment was properly applied to the account of Dougall & Sons, we must first consider the errors assigned as to evidence admitted for the plaintiff. Of the 27 errors assigned as to the evidence, 16 relate to the testimony of Catharine M. Dougall Wood, sister of Dougall, Jr., and wife of G. S. Wood, who had been manager of plaintiff corporation. Mrs. Wood was permitted to answer questions concerning business transactions of the corporation and of the estates known as H. M. Dougall & Sons. Objection was made that such questions called for conclusions and that this witness had no personal knowledge of these matters.

We need not examine each assigned error individually. The events testified to by Mrs. Wood and by the defendants, Mrs. Dougall, occurred some 25 years prior to the trial. G. S. Wood and H. M. Dougall, Jr., the principal parties to the disputed transaction, were both dead. In the testimony of their surviving widows the court permitted such questions to be asked as might bring to light the circumstances surrounding the disputed payment. Mrs. Wood was and had been an officer of plaintiff corporation. She was a sister of Dougall, Jr.; had resided near him and seen him nearly every day; and had served with him on the board of directors of the plaintiff corporation. She had considerable personal knowledge of the affairs about which she testified. On the basis of this foundation we find no prejudice arising from statements of this

witness in response to questions as to whether Dougall, Jr., owned any sheep; whether he was a partner of A. B. Adams, the maker of the disputed check; whether A. B. Adams did any business with Dougall & Sons, and similar questions, which were designed to show that the check was a payment received in connection with estate business.

Error is also assigned to the reception in evidence of plaintiff's exhibit "D," part of the ledger containing the account of Dougall & Sons. Defendant urges that there was no "preliminary evidence that it was in fact the account of Dougall, Jr., for which he was personally liable." Such proof was not necessary, the ledger being introduced for the purpose of showing the proper application of the disputed sum to the Dougall & Sons account. It was received in evidence only after Mrs. Wood had identified it as being the ledger, kept in the regular course of the business, into which the entries from daybooks were posted. The handwriting was identified as that of G. S. Wood who kept the books. Mrs. Wood testified that she knew of her own knowledge that there was a credit account for Dougall & Sons during the period in question; that she had been employed at the store during that period; had personally sold merchandise to the Dougall & Sons account and knew that Dougall, Jr. personally managed the affairs of the estate running that account. Under previous decisions of the court the ledger was clearly admissible. *Welsh, Driscoll & Buck* v. *Buck*, 64 Utah 579, 232 P. 911; *Clayton* v. *Metropolitan Life Ins. Co.*, 96 Utah 331, 85 P. 2d 819, 120 A. L. R. 1117. See also 20 Am. Juris. 929, Sec. 1074.

Other errors assigned go to the testimony of Elmo Braithwaite, a deputy in the Utah County Treasurer's office, from whom testimony was elicited to show that there were no sheep assessed against Dougall, Jr., in that county in 1914 or 1915, on the issue as to whether or not Dougall, Jr., owned sheep. Defendant urges that this testimony was of no probative value on that point.

Mrs. Dougall had testified that her husband, Dougall, Jr., had a sheep business of his own in Utah County and that the disputed check was his peersonal property since it was in payment for the sale of his sheep. The testimony of Braithwaite was by no means conclusive as to the ownership of sheep by Dougall, Jr., but it was of some weight on that point and so properly admitted.

The remaining error argued by defendant as to the admission or rejection of evidence relates to the granting of plaintiff's motion to strike the testimony of defendant's witness Wyman L. Wills, on surrebuttal. Wills testified that on one occasion Mrs. Wood told her husband in his, Wills' presence, that the disputed check was a cattle check and had nothing to do with Dougall Jr.'s sheep. Mrs. Wood had testified at the trial that Dougall & Sons owned sheep and Dougall Jr. did not own sheep. The testimony of Wills was as to a prior contradictory statement by Mrs. Wood. Clearly it could have been offered only by way of impeachment. The record fails to indicate that any foundation was laid for such impeachment for which reason the impeaching testimony was properly stricken.

Other errors assigned as to the evidence are not argued by the appellant and we shall not, therefore, inquire into their merits.

Viewing the evidence submitted by plaintiff we find considerable substantial evidence to support the court's finding that the check for $1,087.58 was properly credited to the account of Dougall & Sons. From the evidence it is apparent that Dougall, Jr., operated two accounts with plaintiff, one personal and one as manager of the business of his parents' estates. At the time of the payment, his personal account carried a credit balance of $535.46 on the corporation books, while the estate account showed a debit balance of $805.70. When Dougall, Jr., was one of the administrators of the estate known as Dougall & Sons, the estate was settled and distributed taking full credit for the $1,087.58 on its account with plaintiff. There

is a conflict in the evidence as to whether the disputed check was the personal property of Dougall, Jr., or belonged to the estates. There is no evidence to show that at the time of payment any instructions were given as to the account to which it should be applied.

There being substantial evidence to sustain the lower court in its findings that the disputed payment was properly applied, we will not disturb the same. *Strickley* v. *Hill,* 22 Utah 257, 62 P. 893, 83 Am. St. Rep. 786; *Jorgensen* v. *Gessel Pressed Brick Co.,* 45 Utah 31, 141 P. 460, Ann. Cas. 1917 C, 309; *Angerman Co.* v. *Edgemon,* 76 Utah 394, 290 P. 169, 79 A. L. R. 40; *Emerson-Brantingham Implement Co.* v. *Giles,* 59 Utah 54, 202 P. 543.

Having reached a conclusion whereby the judgment of the lower court must be affirmed, we need not consider the question as to whether defendant's claim was barred by the statute of limitations, nor whether there was error in allowing plaintiff to amend its reply on the date of the trial in order to plead the statute of limitations.

Judgment affirmed. Costs to respondent.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.