[S. F. No. 17120. In Bank. Aug. 1, 1946.]

GEORGE DURHAM ROBINSON et al., Appellants, v. VERA PULS, as Administratrix, etc., Respondent.

William Berger and Abraham Setzer for Appellants.

James R. Agee, Breed, Burpee & Robinson and Lester Perry for Respondent.

GIBSON, C. J.—This action was brought for declaratory relief, for cancellation of two promissory notes, and for an accounting if a trust were found to exist, or, in the alternative, for a money judgment. Defendant filed a cross-complaint, seeking a money judgment on two book accounts. Plaintiffs' demand for a jury trial was refused, and after trial by the court without a jury judgment was entered against plaintiffs on their complaint and for defendant on her cross-complaint. Plaintiffs contend on this appeal that the court erred in denying them a jury trial.

The issues raised by the complaint were both equitable and legal in nature and those raised by the cross-complaint were solely legal in character. It is settled in this state that where legal and equitable issues are joined in the same

action the parties are entitled to a jury trial on the legal issues. (*Connell* v. *Bowes*, 19 Cal.2d 870 [122 P.2d 456]; *Crouser* v. *Boice*, 51 Cal.App.2d 198 [124 P.2d 358]; *Hutchason* v. *Marks*, 54 Cal.App.2d 113 [128 P.2d 573].)

█ It is argued, however, that plaintiffs' demand for a jury trial was defective in that it failed to specify the legal issues to be tried by the jury. Defendant relies on *Meek* v. *De Latour*, 2 Cal.App. 261 [83 P. 300], and *Whittier* v. *Auth*, 99 Cal.App. 759 [279 P. 491], which hold that it is not error to refuse a *general* demand for a jury to try a cause consisting of legal and equitable issues. These decisions are based on cases from other jurisdictions and are in conflict with our constitutional and statutory provisions relative to waiver of jury trial. They are therefore disapproved.

This court held, in *People* v. *Metropolitan Surety Co.*, 164 Cal. 174, at page 177 [128 P. 324, Ann.Cas. 1914B 1181], that under article I, section 7, of the state Constitution "The legislature is . . . given the sole power of declaring what shall constitute a waiver of trial by jury . . . and has exercised its power by the enactment of section 631 of the Code of Civil Procedure* . . . [and] . . . a jury may be waived only in one of the . . . modes prescribed by this section." Nowhere in section 631 is it provided that a jury is waived by

---

*"'Trial by jury may be waived by the several parties to an issue of fact in manner following:

"1. By failing to appear at the trial;

"2. By written consent filed with the clerk or justice;

"3. By oral consent, in open court, entered in the minutes or docket;

"4. *Failure to demand jury*. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation; provided, ·that in justices' courts such waiver may be made by failure of either party ·to demand a jury within two days after service upon him of the notice provided for in Section 594 of this code; provided further, that in any superior court action if a jury is demanded by either party in the memorandum to set cause for trial and such party thereafter by announcement or by operation of law waives a trial by jury, then in said event any and all adverse party or parties shall be given 10 days' written notice by the clerk of the court of such waiver, whereupon, notwithstanding any rule of the court to the contrary, such adverse party or parties shall have not exceeding five days immediately following the receipt of such notice of waiver, within which to file and serve a demand for a trial by jury and deposit advance jury fees for the first day's trial whenever such deposit is required by rule of court, and if it is impossible for the clerk of the court to give such 10 days' notice by reason of the trial date, or if for any cause said notice is not given, the trial of said action shall be continued by the court for a sufficient length of time to enable the giving of such notice by the clerk of the court to such adverse party.

"'Regardless of anything contained in the foregoing to the contrary,

failure to specify in the demand the issues to be tried by jury, and the trial court could not, therefore, properly deny plaintiffs a jury trial for the reason that the demand did not so specify. The fact that both legal and equitable issues were involved does not alter the rule.

■ Defendant also contends that plaintiffs waived a jury by reason of their failure to deposit jury fees 10 days prior to the day set for trial, as required by subdivision 5 of section 631. The order denying plaintiffs' demand for a jury was made more than 45 days prior to the date set for trial. Plaintiffs having been refused a jury were not thereafter required to deposit fees for a jury trial which had been denied them. The law does not require the performance of an idle act. (Civ. Code, § 3532.)

The court therefore erred in denying plaintiffs a jury trial upon the legal issues and they are entitled to a reversal of the judgment, at least insofar as it disposes of issues that should have been submitted to a jury. It is impracticable on this appeal to separate the legal from the equitable issues, and there is some doubt as to the propriety of the refusal of the court to permit plaintiffs to offer evidence on the question of the authenticity of a receipt which was material on the trial of the equitable issues. The entire judgment should therefore be reversed in order to permit a full and proper consideration on a single trial of all the issues (see *Connell* v. *Bowes,* 19 Cal.2d 870, 872 [122 P.2d 456], outlining proper procedure in such cases).

A question arose during the trial as to the admissibility in evidence of certain books of account and, inasmuch as the

---

the court may in its discretion, upon such terms as may be just, allow a trial by jury to be had, although there has been a waiver of such a trial.

"5. *Failure to make deposit.* By failing to deposit with the clerk, or justice, a sum equal to the amount of one day's jury fees payable under the law, as provided herein. In justices' courts such deposit must be made two days prior to the date set for trial or prior to the date to which the trial has been postponed because of the demand for a jury trial; in other courts such deposit must be made 10 days prior to the date set for trial.

"6. By failing to deposit with the clerk or justice, promptly after the impanelment of the jury, a sum equal to the mileage or transportation (if any be allowed by law) of the jury accrued up to that time;

"7. By failing to deposit with the clerk or justice, at the beginning of the second and each succeeding day's session a sum equal to one day's fees of the jury, and the mileage or transportation, if any there be.

"*Jury despite waiver.* The court may, in its discretion upon such terms as may be just, allow a trial by jury to be had although there has been a waiver of such trial."

court will undoubtedly be confronted with the same question on retrial, we will consider the contentions of the parties with respect thereto. The books in question were kept by Puls and were offered in evidence by the administratrix in support of her cross-complaint for a money judgment. Certain of these books (Exhibits A, B, C and D) were kept by Puls in connection with a gasoline service station operated by him, and reflected transactions with his customers, including plaintiff, George Robinson. A second set of books kept by Puls (Exhibits M and N) covered financial transactions between Puls and Robinson with respect to a fruit growing and drying business in which the latter was engaged. All of these books were admitted in evidence over plaintiffs' objection that there was no showing that the entries were made within reasonable proximity to the time of the respective transactions as required by the Uniform Business Records as Evidence Act (Code Civ. Proc., §§ 1953e-1953h).

Both sets of books were identified as those kept by Puls during the years in question; they were in his handwriting and they were shown to have been kept in an orderly manner. The dates of the entries in the books appear to correspond reasonably with the dates of the original events.

Where the person who made the entry is dead, evidence that the books of account were in his handwriting, and that they were kept correctly, is sufficient foundation for their admission. (*O'Neill* v. *O'Neill*, 45 Cal.App. 772, 774 [188 P. 603]; see, also, *Foster* v. *Wehr*, 114 Pa.Super. 101 [173 A. 712]; *G. S. Wood Mercantile Co.* v. *Dougall*, 100 Utah 267 [114 P.2d 202]; *Burton* v. *Phillips*, 161 Ala. 664 [49 So. 848]; *Leighton* v. *Manson*, 14 Me. 208; *Davie* v. *Lloyd*, 38 Colo. 250 [88 P. 446, 12 Ann.Cas. 75]; *Dodge* v. *Morse*, 3 N.H. 232; *Cram* v. *Spear*, 8 Ohio 494; *In re Greenwood's Estate*, 201 Mo.App. 39 [208 S.W. 635, 637]; 52 L.R.A. 558; 1 Elliott on Evidence, § 465; 2 Ency. of Evidence, pp. 610-611; 10 R.C.L. 1175; 32 C.J.S. 557; 20 Am.Jur. 929.) Moreover, the statutory presumptions that "a writing is truly dated" (Code Civ. Proc., § 1963(23)), and that "the ordinary course of business has been followed" (Code Civ. Proc., § 1963(20)) obviate the necessity for any additional showing as to the contemporaneous nature of the entry.

Plaintiffs, citing section 1946, subdivision 1, of the Code of Civil Procedure, contend that the books were not admissible in evidence because the entries were not adverse

to the decedent. This section, which expressly permits the admission in evidence of writings of a decedent when made against interest, states a separate and distinct exception to the hearsay evidence rule. (*Radtke* v. *Taylor,* 105 Ore. 559 [210 P. 863, 870, 27 A.L.R. 1423]; see, also, 1 Elliott on Evidence, § 477; 5 Wigmore on Evidence, § 1518.) It does not, however, in any way restrict the application of the rule governing the admission in evidence of book accounts.

The further contention is made that the books (Exhibits M and N) containing records of deposits and loans made in connection with the fruit growing business constitute private memoranda and, therefore, are not admissible. These books were kept by Puls pursuant to an agreement with Robinson, and an expert accountant testified that the entries appearing therein, with minor exceptions, covered transactions reflected by original vouchers and drafts. The objection that these books are private memoranda was not made in the trial court. It appears that the original documents evidencing most of the transactions are available and it may not be necessary to use the books to prove the account. The defendant, however, is now informed of plaintiffs' contention and if she desires to offer the books at a second trial she will have an opportunity to establish their character in laying a foundation for their admission in evidence.

The judgment is reversed.

Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

TRAYNOR, J.—I concur in the judgment. I cannot agree, however, with that part of the majority opinion holding that the store books and the two other books reflecting the financial transactions between Puls and the plaintiff are admissible in evidence in absence of proof that the entries on which defendants rely were made at or near the time of the transactions in question. Section 1953f of the Code of Civil Procedure, enacted in this state in 1941 as part of the Uniform Business Records as Evidence Act provides: "A record of an act, condition or event shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, *at or near the time of the act, condition or event,* and if, in the opinion of the court,

the sources of information, method and *time of preparation* were such as to justify its admission." (Italics added.) This statute not only requires preliminary proof in all cases that the record was made "at or near the time" of the transaction, it also vests in the trial court authority to determine, before such records are admitted in evidence, whether the time of its preparation was near enough to the transactions to be proved to justify the admission of the record. The uniform act was formulated after years of discussion (see 5 Wigmore, Evidence (3d ed.) 362) and its draftsmen undoubtedly weighed the disadvantage of the rule to estates against the dangers of admitting records whose trustworthiness was not established, when they did not deem it advisable to relax the requirements of preliminary proof in the case of the books of a decedent. (See Barrow, *Business Entries Before the Court*, 32 Ill.L.Rev. 334; 5 Wigmore, Evidence (3d ed.) 363.)

In abandoning the requirement of proof that the record was made at or near the time of the transaction, if the person who made it is dead, the majority opinion opens the door for the admission of records that might be made at a time so remote from their occurrence as to lack trustworthiness. The justification for admitting records as evidence is that they can be regarded as trustworthy when they have been prepared in the ordinary course of business and at or near the time of the transaction. (*Palmer* v. *Hoffman,* 318 U.S. 109, 115 [63 P. 477, 87 L.Ed. 645, 144 A.L.R. 719]; same case 129 F.2d 976, 982; *Roge* v. *Valentine,* 280 N.Y. 268 [20 N.E.2d 751, 755].) "The entry should have been made at or near the time of the transaction recorded,—not merely because this is necessary in order to assure a fairly accurate recollection of the matter, but because any trustworthy habit of making regular business records will involve the making of the record contemporaneously." (5 Wigmore, Evidence (3d ed.) 375.) "This is another circumstance very properly required as tending to accuracy, and is similar to the requirement . . . as to entries by deceased persons." (5 Wigmore, Evidence (3d ed.) 405.) There is particular need of such proof when the entries of a deceased person are presented and there is no opportunity to examine those in whose favor the entries speak. Any doubt as to the requirement of such proof is dispelled by section 1946 of the Code of Civil Procedure, which relates specifically to the entries and other writings of a decedent: "The entries and other writings of a decedent, *made*

*at or near the time of the transaction,* and in a position to know the facts stated therein, may be read as prima facie evidence of the facts stated therein, in the following cases. . . .'' (Italics added.) Thus both section 1946 of the Code of Civil Procedure and the Uniform Business Records as Evidence Act require proof that the entry was made at or near the time of the transaction, and there is no reason for construing them differently.

The cases cited in the majority opinion relate to the shop-book rule of the common law rather than to the uniform act. Under the common law the two books in the present case (Exhibits M and N), which were not store books but books reflecting the financial transactions between Puls and plaintiff, would not have been admissible to show the alleged loans by Puls, for account books were inadmissible to show transactions concerning the paying or lending of money. (*Collin* v. *Card,* 2 Cal. 421; *Yick Wo* v. *Underhill,* 5 Cal.App. 519 [90 P. 967] ; see *Le Franc* v. *Hewitt,* 7 Cal. 186; 84 A.L.R. 147, 148; 5 Wigmore, Evidence (3d ed.) 396.)

Respondent's petition for a rehearing was denied Aug. 29, 1946.