# FRAYLOR v. SONORA MINING COMPANY.

In an action against a corporation by one of its members, upon an implied contract for the value of services as secretary, it is competent for the defendant to show that by the usage and custom of the corporation no compensation was chargeable for such services.

If such usage existed, plaintiff's position as a member and officer of the corporation is sufficient *prima facie* to charge him with a knowledge of its existence; and the inference would be, that he accepted the office and performed its duties without expecting compensation.

Where the Statute of Limitations of two years was pleaded to a suit upon an implied contract for services rendered as secretary to a corporation, and the Court below ruled that the statute did not apply, because the account was a "mutual, open, and current" account, and hence within the eighteenth section of the Act of 1850 (Wood's Dig. 48): *Held*, that the Court erred; that to constitute such an account there must have been reciprocal demands between the parties, which was not the case here, the items of the account all being on one side.

Where the items of an account are all on one side, the account is not mutual, and the Statute of Limitations is a bar to so much of the account as did not accrue within the period limited for the commencement of suit.

APPEAL from the Fifth District.

The facts appear in the opinion of the Court. Suit was commenced June 20th, 1860, and was for services rendered from August 20th, 1856 to August 15th, 1859. Plaintiff was a stockholder in the corporation during the time the services were rendered. Verdict and judgment for plaintiff. Defendant appeals.

*H. P. Barber*, for Appellant, to the point that evidence as to the usage of the corporation in not paying for such services as were rendered by plaintiff was admissible, cited Ang. & Ames on Corp. 309; Cow. & Hill's Notes, part 2, 511; and to the point that the account was barred by the satute, cited 16 N. York, 255; Ang. on Lim. 155 and 162.

*L. Quint*, for Respondent, on the first point made by appellant, cited Ang. & Ames on Cor. sec. 317; *Gas Co.* v. *San Francisco*, 9 Cal. 470; and as to the Statute of Limitations, argued that it did not apply, because plaintiff's services were continuous, and no time within which he was to be paid being mentioned, the presump-

tion of law, if any, is that he should be paid when he had finished his services.   (1 McCord, 578 ; Ang. on Lim. 112, sec. 11.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an action upon an implied contract for the value of services rendered.   The defendant is a corporation, and the services were rendered by the plaintiff in the capacity of secretary.   The right of the plaintiff to recover rests alone upon the fact of the rendition of the services.   On the trial of the case, the defendant, to rebut the presumption of liability arising from this fact, offered to show that by the usage and custom of the corporation no compensation was chargeable for services of this nature.   " The agents of a corporation," say Angell & Ames, in their work on corporations, (sec. 317) " like the agents of a natural person, are entitled, in legal presumption, to be paid for their services by the principal, the corporation, what they are reasonably worth.   The officers of a corporation who are to receive any compensation are usually provided for by regular salaries.   If there be no salary, and no particular contract, much must depend, as in other cases, upon the custom with regard to compensation for the particular services, and the expectations of the parties growing out of it."   The rule thus laid down covers the principle involved in the offer made by the defendant, and we think there was a violation of this rule in the rejection of that offer.   Whether the evidence sought to be introduced would have been sufficient to control the verdict is a different question, and upon this question it would be improper for us to express any opinion.   We have no doubt of the admissibility of the evidence ; and if the plaintiff was informed of the existence of the usage and custom referred to, the inference would naturally be that he accepted the office and performed its duties without any expectation of being compensated for his services.   If any such usage in fact existed, his position as a member and officer of the corporation is sufficient *prima facie* to charge him with a knowledge of its existence.

There is another point which is also fatal to the judgment.   The defendant pleaded the Statute of Limitations as to so much of the

claim as accrued more than two years prior to the commencement of the suit. The Court below held that the statute did not apply, and in this respect proceeded, no doubt, upon the idea that the claim was a mutual, open, and current account, within the meaning of the statute. But to constitute such an account there must have been reciprocal demands between the parties, which was not the case. The items are all on one side, and the authorities are clear that in such a case the statute will be a bar to so much of the account as did not accrue within the period limited for the commencement of the suit. (See Ang. on Lim. 155 and 162.)

Judgment reversed, and cause remanded for a new trial.

See *Weatherwax* v. *Cosumnes Valley Mill Company, infra,* as to the Statute of Limitations.